IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE ST. PAUL COMPANIES, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 00-G-2033-S |
| LISA LITTLE, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

In reaching its decision to dismiss the above-styled cause the court has concluded that the plaintiff is guilty of "procedural fencing" as discussed in *Casualty Indem. Exchange v. High Croft Enterprises, Inc.* 714 F. Supp. 1190, 1193-94 (S.D. Fla. 1989), set forth below:

> When a party files a declaratory judgment action for purposes of "procedural fencing," a court should exercise its discretion and dismiss the case. *See Franklin Life Insurance Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946); *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961); *Firemen's Insurance Co. of Newark, New Jersey v. Riley*, 322 F. Supp. 349, 351 (W.D.Ky. 1971). Procedural fencing exists when a party in filing a declaratory action



accomplishes something that the party could not do through removal. *See Firemen's Insurance Co. of Newark, New Jersey v. Riley*, 322 F. Supp. at 352. The purpose behind the Declaratory Judgment Act is to afford a new form of relief from uncertainly and insecurity with respect to rights, status, and other legal relations. *Id.* (citing *Casualty and Surety Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)). The Act's remedy should not be utilized for the purpose of anticipating the trial of an issue in a court of coordinate jurisdiction. *Id.* A declaratory judgment is not a mechanism to furnish a new choice of tribunals or to draw into federal courts the adjudication of causes properly cognizable by the courts of the states. *Id.* Moreover, the declaratory remedy is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff if he can beat the other party to the courthouse. *Taylor,* 118 F.R.D. at 431.

With this understanding, the court believes the plaintiff here has engaged in a type of procedural fencing. ... The plaintiff has misused the declaratory judgment act in attempting to accomplish a "backdoor" removal.[1] Accordingly, the court exercises its discretion here and dismisses the plaintiff's cause of action.

Using its discretion, the court hereby grants the motion of the defendant to dismiss the above-styled cause. An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 17th day of January 2001.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[1] Counsel has acknowledged to the court that the action filed in state court is not removable.